**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD DEAN de CRUZ, | No. 18-15533 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01930-WHA |
| v. | |
| A. PANIZZA, Correctional Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

California state prisoner Gerald Dean de Cruz appeals pro se from the
district court's summary judgment in his 42 U.S.C. § 1983 action alleging a Sixth
Amendment claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review de
novo.  *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (district court's

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

qualified immunity determinations); *Guatay v. Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (district court's decision on cross-motions for summary judgment). We affirm.

The district court properly granted summary judgment for defendant Panizza on the basis of qualified immunity because it would not have been clear to every reasonable prison official in 2015 that inspecting, outside of de Cruz's presence, a stored box containing de Cruz's legal materials was unlawful under the circumstances. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (discussing qualified immunity and explaining that a "clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and "existing precedent must have placed the statutory or constitutional question beyond debate" (citations and internal quotation marks omitted)); *Nordstrom v. Ryan*, 762 F.3d 903, 906, 910-911 (9th Cir. 2014) (holding that reading a prisoner's legal mail violates his Sixth Amendment rights); *see also Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017) ("We . . . now clarify that, under *Nordstrom*, prisoners have a Sixth Amendment right to be present when legal mail related to a criminal matter is inspected.").

///

///

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**